UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Vesz L. M.,

                Plaintiff,      Case No. 24-cv-10309

v.                                Judith E. Levy
                                  United States District Judge
Commissioner of Social Security,
                                  Mag. Judge David R. Grand
              Defendant.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [15], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [11], AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

On January 21, 2025, Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") (ECF No. 15) recommending that the Court deny Plaintiff Vesz L. M.'s motion for summary judgment (ECF No. 11), grant Defendant Commissioner of Social Security's motion for summary judgment (ECF No. 13) and affirm the Commissioner's decision to deny Plaintiff benefits under the Social Security Act. On February 3, 2025, Plaintiff filed a timely objection to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule

72.1(d). (ECF No. 16.) Defendant responded to the objection. (ECF No. 17.)

For the reasons set forth below, Plaintiff's objection is overruled, and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied, Defendant's motion for summary judgment is granted, and the Commissioner's decision is affirmed.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (*See* ECF No. 13, PageID.491–495.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893

F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

In *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019), the Supreme Court articulated the standard the district court must apply when conducting its *de novo* review. The Court indicated that the phrase "substantial evidence" is a "term of art." *Id.* at 1154 (internal citation omitted). "Under the substantial-evidence standard, a court looks to an existing

3

administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in original) (internal citation omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted). "[I]f substantial evidence supports the ALJ's [administrative law judge's] decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. Analysis

Plaintiff objects to the R&R on the grounds that "[t]he Magistrate Judge erred in his assertion that the ALJ applied proper legal standards in considering all of [Plaintiff's] impairments, including non-severe mental, in formulating the RFC [residual functional capacity]." (ECF No. 16, PageID.2103.) Plaintiff argues that because the ALJ found mental

4

impairments, she was required to provide an explanation as to why she omitted related limitations from the RFC. (*Id.* (citing *April S. v. Comm'r of Soc. Sec.*, No. 22-11964, 2023 WL 9503397, at *7 (E.D. Mich. Dec. 12, 2023), *report and recommendation rejected sub nom. Smith v. Comm'r of Soc. Sec.,* 715 F. Supp. 3d 994 (E.D. Mich. 2024)).[1]

Plaintiff's objection is denied as improper because it repeats arguments that were before Magistrate Judge Grand (*see* ECF No. 11, PageID.2048–2049 ("[T]he ALJ failed to properly consider [Plaintiff's] mental impairments. While the ALJ found them to be non-severe, she did not accurately articulate in her RFC determination why no mental limitations were not included."); *see also* PageID.2043-2044), and because the objection fails to identify a factual or legal error in the R&R. The R&R

---

[1] The Court notes that Plaintiff cites an R&R for the proposition that "if ultimately no mental limitations existed in the RFC despite finding mental limitations at Step Two, the ALJ was required to provide a sufficient explanation as to 'why []he omitted from the RFC [the] limitations related to [plaintiff's] mild mental impairment[.]'" *April S.*, 2023 WL 9503397, at *7 (citing *Rodriguez v. Comm'r of Soc. Sec.*, No. 20-CV-13372, 2022 WL 4359541, at *3–4 (E.D. Mich. Sept. 20, 2022)). However, the *April S.* Court declined to adopt that R&R and instead held that "the ALJ was not required to specifically discuss each non-severe impairment in the RFC assessment to demonstrate that the impairments were considered. . . . Thus, even if the ALJ failed to adequately explain why and to what extent he considered Plaintiff's mental impairments in arriving at his RFC determination, he did not err." *Smith*, 715 F. Supp. 3d at 999–1000 (collecting cases).

thoughtfully addresses Plaintiff's arguments and properly rejects them. "The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Pearson v. Comm'r of Soc. Sec.*, No. 2:15-cv-14031, 2017 WL 1190947, at *3 (E.D. Mich. Mar. 31, 2017) (internal citations omitted); *see McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) (stating that objections "that merely reiterate[ ] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge" are "invalid" (alterations in original) (internal citation omitted)); *Melvin v. Comm'r of Soc. Sec.*, No. 2:18-cv-13405, 2020 WL 967479, at *2 (E.D. Mich. Feb. 28, 2020) (overruling the plaintiff's objection as improper because the plaintiff was "merely rehashing his argument from his motion for summary judgment," which "[t]he magistrate judge sufficiently addressed and properly rejected"); *Pangburn v. Comm'r of Soc. Sec.*, No. 16-13393, 2018 WL 992219, at *6 (E.D. Mich. Feb. 21, 2018) (overruling improper objections that "simply reiterate the arguments presented to the Magistrate Judge in the summary judgment briefing" (citing *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)).

Plaintiff also expresses general disagreement with the R&R's findings, which is improper for an objection. This court has stated that

> [w]hen a party properly objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*. *See* Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error in the report are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error—have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*).

*McClure*, 2022 WL 730631, at *1. Because Plaintiff's objection restates arguments that were previously before Magistrate Judge Grand, fails to identify an error in the R&R, and disagrees with the R&R in a general fashion, the objection is invalid and is overruled.

Even upon a review of the merits of the objection, Plaintiff's objection is still overruled. In her brief, Plaintiff argues that "the ALJ did not properly consider [Plaintiff's] mental impairments when constructing the RFC. The amount of probative mental health treatment omitted from the discussion renders the decision unsupported. This error warrants

7

remand." (ECF No. 16, PageID.2106.) This argument is unpersuasive. As Judge Grand stated in his R&R, the ALJ considered Plaintiff's non-severe mental impairments: "Plaintiff's non-severe depression was appropriately considered by the ALJ. In fact, the ALJ's thorough discussion of this condition spans more than six full pages of her decision." (ECF No. 15, PageID.2087.) Plaintiff cites specific parts of the record that she believes shows that the ALJ's decision was unsupported by substantial evidence in the record. But as Judge Grand noted, "there is no requirement that the ALJ discuss every piece of evidence from the administrative record. . . . In the end, Plaintiff is merely asking the Court to reweigh the evidence, which is impermissible." (*Id.*, PageID.2093 (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).) Therefore, Plaintiff's objection also fails on the merits.

In sum, Plaintiff's objection is improper because it repeats arguments that were before Magistrate Judge Grand, is a general objection, and fails on the merits. Plaintiff does not show that the R&R is mistaken. Accordingly, Plaintiff's objection is overruled.

8

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 15.) Plaintiff's motion for summary judgment is DENIED (ECF No. 11), Defendant's motion for summary judgment is GRANTED (ECF No. 13), and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated: March 11, 2025       s/Judith E. Levy  
Ann Arbor, Michigan      JUDITH E. LEVY  
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2025.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager